UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-62152-BLOOM/Valle

STRIKE 3 HOLDINGS, LLC,
*a limited liability company*,

    Plaintiff,

v.

JOHN DOE
subscriber assigned IP address 68.74.130,142,
*an individual*,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. [6] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

In the Motion, Plaintiff seeks leave to serve a third-party subpoena on AT&T Internet Services ("ISP") prior to a Rule 26(f) conference in order to effectuate service on Defendant. *See id.* at 1. Plaintiff argues that its subpoena is limited and only "seeks concrete and narrow information: the name and address of the subscriber associated with [Defendant's] IP address . . . ." *Id.* at 7. According to Plaintiff, there are no alternative means by which Plaintiff can identify Defendant absent the present subpoena. *See id.* at 8. Plaintiff further submits that Defendant's minimum privacy interest is substantially outweighed by Plaintiff's interest in protecting its copyrights. *See id.* (citing *Strike 3 Holdings, LLC v. Doe*, No. 3: 17-CV-1680 (CSH), 2017 WL

5001474, at *5 (D. Conn. Nov. 1, 2017); *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566-67 (S.D.N.Y. 2004)).

The Court agrees with Plaintiff. "The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a discovery conference, if ordered by the court." *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (citing Fed. R. Civ. P. 26(d), (f)). "Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes 'good cause' for such discovery." *Id.*

Here, Plaintiff has established that "good cause" exists for it to serve a third-party subpoena on ISP. *See Malibu Media, LLC v. Doe*, No. CV 15-2314-T-17TBM, 2015 WL 12856086, at *1 (M.D. Fla. Nov. 6, 2015). Plaintiff asserts that it holds copyrights for several films that have been allegedly copied and distributed by Defendant without Plaintiff's permission or authority through the use of the BitTorrent protocol. *See generally* ECF No. [1]. Geolocation technology and an infringement detection system reasonably confirms that Defendant's IP address was being used on the BitTorrent network to download and distribute Plaintiff's copyrighted works. *See id.* Plaintiff has also clearly identified the information sought through the requested discovery by providing Defendant's IP address. *See* ECF No. [1-1]. Specifically, Plaintiff seeks to discover the true name and address for Defendant. *See* ECF No. [6] at 7. Plaintiff shows that it has no other way to obtain Defendant's true identity. *See id.* Further, the Court is persuaded that Plaintiff cannot properly serve Defendant without first ascertaining Defendant's identity from his or her ISP. Thus, Plaintiff has shown good cause to issue a third-party subpoena prior to the Rule 26(f) conference.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 22-cv-62152-BLOOM/Valle

1. Plaintiff may serve ISP with a Rule 45 subpoena directing ISP to provide Plaintiff with the true name and address of Defendant to whom ISP assigned an IP address as set forth on Exhibit A to the Complaint, ECF No. [1-1].

2. Plaintiff shall attach a copy of the Complaint, ECF No. [1], the attachments thereto, ECF Nos. [1-1], [1-2], and this Order to any subpoena.

3. Because ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] ISP shall comply with 47 U.S.C. § 551(c)(2)(B),[2] by sending a copy of this Order to Defendant.

4. Plaintiff may only use the information disclosed in response to the Rule 45 subpoena served on ISP for the limited purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 9, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[1] 47 U.S.C. § 522(5) states, in relevant part:
   the term "cable operator" means any person or group of persons
   (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
   (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

[2] 47 U.S.C. § 551(c)(2)(B) states, in relevant part:
   A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.